UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAQUEL S. MEJIA, LEONA HUNTER and ANNE MARIE VILLA, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br> v.<br><br>TIME WARNER CABLE INC.,<br><br>      Defendant. | Case No. 1:15-cv-06445-JPO<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)** |

**TABLE OF CONTENTS**

**PAGE(S)**

LEGAL STANDARD .................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    Proposed Interim Class Counsel's Identification And Investigation Of The Claims ....... 2

    II.   Proposed Interim Class Counsel's Experience In Handling Class Actions And Other Complex Litigation ................................................................................................................. 4

    III.  Proposed Interim Class Counsel's Knowledge of the Applicable Law ........................... 8

    IV.  Resources That Proposed Interim Class Counsel Will Commit To Representing The Classes ...................................................................................................................................... 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Braynina v. Prof'l Claims Bureau, Inc.*,
  2015 WL 3971410 (E.D.N.Y. June 30, 2015) .................................................................... 1

*Deangelis v. Corzine*,
  286 F.R.D. 220 (S.D.N.Y. 2012) ....................................................................................... 1

*Golden Gate Yacht Club v. Societe Nautique De Geneve*,
  18 Misc. 3d 1111(A) (N.Y. Sup. Ct. 2007) ....................................................................... 6

*Hendricks v. StarKist Co.*,
  2015 WL 4498083 (N.D. Cal. July 23, 2015) ................................................................... 4

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ........................................................................................ 2

*In re Comverse Tech., Inc. Derivative Litig.*,
  2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006) .................................................................. 2

*In re Mun. Derivatives Antitrust Litig.*,
  252 F.R.D. 184 (S.D.N.Y. 2008) .................................................................................. 1, 2

*King v. Time Warner Cable*,
  113 F. Supp. 3d 718 (S.D.N.Y. 2015) ........................................................................... 3, 4

*Sullivan v. Barclays PLC*,
  2013 WL 2933480 (S.D.N.Y. June 11, 2013) ................................................................... 1

**STATUTES**

47 U.S.C. § 227 .............................................................................................................. 3, 8

**RULES**

Fed. R. Civ. P. 23 ..................................................................................................... 1, 3, 4

Fed. R. Civ. P. 23(c)(1) ...................................................................................................... 3

Fed. R. Civ. P. 23(g)(1) ...................................................................................................... 2

Fed. R. Civ. P. 23(g)(1)(A) ....................................................................................... 2, 3, 4, 7

Fed. R. Civ. P. 23(g)(1)(B) ........................................................................................................ 2

Fed. R. Civ. P. 23(g)(3) .............................................................................................................. 1

**OTHER AUTHORITIES**

Manual For Complex Litigation (Fourth) § 21.11 (2004) ............................................................ 1

Case 1:15-cv-06445-JPO-JLC   Document 49   Filed 04/08/16   Page 4 of 14

Plaintiffs Raquel S. Mejia, Leona Hunter and Anne Marie Villa ("Plaintiffs") respectfully submit this memorandum of law in support of their motion for appointment of interim class counsel. pursuant to Fed. R. Civ. P. 23(g)(3). Assuming the Court finds that the applicable standards are satisfied, Defendant Time Warner Cable Inc. does not oppose this motion.

## LEGAL STANDARD

Fed. R. Civ. P. 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." As recognized by in the Advisory Committee Notes to Rule 23, "in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003). "'[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities. . . .'" *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185-86 (S.D.N.Y. 2008) (quoting *Manual For Complex Litigation (Fourth)* § 21.11 (2004)); *Braynina v. Prof'l Claims Bureau, Inc.*, 2015 WL 3971410, at *2 (E.D.N.Y. June 30, 2015) ("The appointment of interim lead counsel, among other things, clarifies responsibility for the protection of the interests of the putative class during pre-certification motions, discovery, and settlement activity."). "The designation of interim class counsel is especially encouraged in cases . . . where there are multiple, overlapping class actions that require extensive pretrial coordination." *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012). "In such circumstances, the appointment of interim class counsel can be a valuable case-management tool that also helps safeguard the interests of the class." *Sullivan v. Barclays PLC*, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013). Appointment of interim class counsel also creates a unified voice for the named plaintiffs and the putative class, promotes efficiency and conserves judicial resources. Accordingly, as courts often note, "designation of interim class counsel is encouraged, and indeed is probably essential for efficient

1

case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).  These include:

>    (i)    the work counsel has done in identifying or investigating potential claims in the action;
>
>    (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
>    (iii)  counsel's knowledge of the applicable law; and
>
>    (iv)   the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  Also appropriate for consideration is anything else that is "pertinent to counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), including "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel." *In re Comverse Tech., Inc. Derivative Litig.*, 2006 WL 3761986, at *2–3 (E.D.N.Y. Sept. 22, 2006).  Given these factors, Bursor & Fisher, P.A., Hughes Ellzey, LLP and Siri & Glimstad LLP (collectively "Co-Counsel") are exceptionally qualified to represent the putative class in this action.

## ARGUMENT

### I. Proposed Interim Class Counsel's Identification And Investigation Of The Claims

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. <u>All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.</u>

*Moore's Federal Practice* § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

Co-Counsel's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed classes. Fed. R. Civ. P. 23(g)(1)(A)(i). They have interviewed class members, identified specific calls from the Defendant, identified numerous complaints from consumers online and conducted discovery on Defendant's telephone system. In addition, Co-Counsel has discovered that the telephone equipment that Defendant used to make the calls at issue in this case is the same one that Judge Hellerstein previously found to be an Automatic Telephone Dialing System for purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq. See King v. Time Warner Cable*, 113 F. Supp. 3d 718, 725 (S.D.N.Y. 2015) ("Plaintiff has alleged, and Defendant has not credibly refuted, that the IVR had the requisite capacity.")

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness which have been marshaled to identify, develop, and demonstrate the claims alleged in the Amended Complaint. These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a decision to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary

3

for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id.*

Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled and some discovery likely will be required before a class certification motion is filed. Furthermore, discovery in this matter may be complicated and require negotiations and motions prior to class certification. Co-Counsel's thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice.

## II.   Proposed Interim Class Counsel's Experience In Handling Class Actions And Other Complex Litigation

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Co-Counsel has substantial experience in these fields.

Bursor & Fisher's attorneys have represented both plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the United States. Furthermore, the attorneys of Bursor & Fisher have been appointed by courts to represent purchasers of Avacor, children's homeopathic cold and flu remedies, Xenadrine, LG refrigerators, StarKist tuna fish and Crest toothpaste products, as well as customers of Verizon Wireless, AT&T Wireless, Cingular Wireless, Sprint, T-Mobile, Michaels Stores, Scotts EZ Seed, Capatriti 100% Pure Olive Oil and CitiMortgage. In the *StarKist* matter, the Court noted that Bursor & Fisher "have prosecuted this action vigorously on behalf of the class, and will continue to do so." *Hendricks v. StarKist Co.*, 2015 WL 4498083, at *4 (N.D. Cal. July 23, 2015). The attorneys of

Bursor & Fisher have also been appointed lead or co-lead class counsel in two of the largest classes ever certified: *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum*. Bursor & Fisher has obtained numerous class settlements on behalf of its clients, and has also been active in civil trial practice, having won multi-million dollar verdicts or recoveries in five of five civil jury trials since 2008. For example, in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. A firm resume for Bursor & Fisher is attached as Exhibit A to the accompanying Declaration of Joshua D. Arisohn.

Hughes Ellzey is a well-respected civil litigation firm with significant experience prosecuting TCPA class actions, consumer class actions, and individual lawsuits. Hughes Ellzey has been appointed as class counsel by several courts throughout the nation, has negotiated numerous significant nationwide class action settlements, and obtained in excess of $20 million in jury verdicts during the past five years. Hughes Ellzey successfully negotiated a nationwide TCPA class settlement totaling $5.2 million, obtained preliminary approval of a nationwide TCPA class settlement in the Western District of Texas on behalf of 400,000+ consumers, and settled a national TCPA class action in the Eastern District of California on behalf 15,000+ consumers. Hughes Ellzey has been appointed class counsel in numerous class actions, including *John Colin Suttles, et al. v. Specialty Graphics, Inc.*, Case No. 1:14-cv-00505 (W.D. Tex. May 30, 2014), *Mary Ellen Wolf, et al. v. Wells Fargo Bank N.A., et al.*; Cause No. 2011-36476 (151st District Court of Harris County, Texas), *Gretchen Patch, et al. v. Millennium Products, Inc.*, Case No. BC448347 (Superior Court of California, Los Angeles County, Oct. 27, 2010), and *Marie Rita KennedyLebar, et al. v. Volkswagen Group of America, Inc.*, Case No. 2:10-cv-05126-KM (D.N.J. Oct. 30, 2013). A firm resume for Hughes Ellzey is attached as Exhibit B to the accompanying Declaration of Joshua D. Arisohn.

Siri & Glimstad's partner, Aaron Siri, has represented both plaintiffs and defendants in a number of complex civil litigations. Recent representative matters include: *Gatto v. Sentry Services, Inc.*, No. 13-cv-05721 (S.D.N.Y.) (appointed class counsel in ERISA class action involving an ESOP which resulted in a settlement of $11,138,938); *Golden Gate Yacht Club v. Societe Nautique De Geneve*, 18 Misc. 3d 1111(A) (N.Y. Sup. Ct. 2007) *order reinstated* 12 N.Y.3d 248 (2009) (successfully disqualifying a Spanish yacht club as the challenger and qualifying an American yacht club as the challenger for the America's Cup as well as numerous successful subsequent contempt motions); *Thomas v. Dun & Bradstreet Credibility Corp.*, 15-cv-3194 (S.D. Cal.) (counsel for plaintiff in matter filed as class action alleging breaches of the TCPA); *Compurun, Inc. v. Famitech Inc.*, No. 708713/14 (Queens Sup. Ct.) (successfully defending against action claiming purported ownership of three large parcels in Astoria, Queens, recently sold for approximately $50 million, upon which there is a commenced $1.5 billion redevelopment project); *In re Roman Sledziejowski,* Adv. Pro. Nos. 13-08321; 13-08323; 13-08324; 13-08219; 13-08218; and 13-08220 (Bankr. S.D.N.Y.) (representing victims in six separate adversarial proceeding seeking non-dischargeability of various debts arising from various complicated financial transactions and which resulted in judgments totaling over $5 million); *Garthon Business Inc. v. Stein*, No. 653715/2014 (N.Y. Sup. Ct.) (successfully obtaining dismissal of an action seeking $16 million based on purported breaches of contract and fiduciary duty related to the construction of a steel plant in the Republic of Kazakhstan);*Garcia v. N.Y.C. Dep't of Health*, No. 161484/15 (N.Y. Sup. Ct.) (successfully struck down regulation requiring flu shot for enter into day care in NYC); *Ultra Trading Int'l Ltd. v. Intimex Group Joint Stock Co.*, No. 651672/14 (N.Y. Sup. Ct.) (obtained temporary restraining order prohibiting the further movement of 35,000 pounds of cashews which quickly resulted in a favorable settlement); *Delta Sales Group Co., Inc. v. Cargo Logistics Network Co.*, No. 12-cv-03751

(S.D.N.Y.) (action against the seller, shipper, logistics company and freight forwarder regarding the theft of over 3,000 high-end watches which resulted in a favorable settlement); *Adamba Imports Int'l, Inc. v. Kraft Foods, Inc.*, No. 1:12-cv-00729-SJ-VVP (E.D.N.Y.) (an action alleging the breach of a distribution agreement which resulted in a confidential settlement agreement); *Kindle v. Dejana*, No. 14-cv-06784 (E.D.N.Y.) (counsel for plaintiffs in ERISA matters filed as a class action involving breaches of fiduciary duty related to the management and termination of an ESOP); *Hoover v. Besler et al.*, 14-cv-05786-JAP-DEA (D.N.J.) (same); *Amboy Bus Co. v. Klein et al.*, Index No. 105004/2010 (N.Y. Sup. Ct.) (Article 78 petition related to revising the system by which approximately one billion dollars is allocated among the N.Y.C. Dep't of Education's school busing contractors which resulted in an expedited settlement for the client).  Mr. Siri also clerked for the Chief Justice of the Supreme Court of Israel, the Honorable Aharon Barak, from 2004 to 2005, where he advised the Chief Justice of relevant American, English (including Commonwealth Countries such as Canada, Australia, and New Zealand) and International Law precedents for cases of first impression, including in the areas of entity taxation, fiduciary duties, adoption, wills, bankruptcy and corporate liability, as well as the international law implications of Israel's planned removal, by force or otherwise, of approximately 8,500 of its citizens from the Gaza Strip/West Bank.

      Accordingly, Plaintiff's counsel has extensive and uniquely specific knowledge of the "types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii).

**III.     Proposed Interim Class Counsel's Knowledge of the Applicable Law**

Proposed lead interim class counsel is also knowledgeable about the law applicable to the claims herein.  Co-Counsel are involved in dozens of cases brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  As set forth above, Co-Counsel is also very familiar with litigating large-scale consumer and complex actions, and is also intimately acquainted with this Court's rules and procedures.

**IV.     Resources That Proposed Interim Class Counsel Will Commit To Representing The Classes**

Finally, Co-Counsel are each well-established, successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar large-scale class actions.  Co-Counsel has already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class.

Notably, other courts have recently opined on the resources and commitment of Co-Counsel in representing clients in class action cases.  For instance, in appointing Bursor & Fisher interim class counsel in *Melgar v. Zicam, LLC*, Chief United States District Judge Morrison C. England, Jr. of the Eastern District of California noted that the firm "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial."  *Melgar v. Zicam, LLC*, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014). Judge England added that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so.  The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id.*

Similarly, in *Mary Ellen Wolf and David Wolf v. Wells Fargo, N.A.*; Cause No. 2011-36476; In the 151st Judicial District Court of Harris County, Texas, Judge Engelhart named Hughes Ellzey as class counsel, and described the firm as "experienced and adequate counsel" that "will fairly and adequately represent the interests of the Class," considering the work Hughes Ellzey, LLP has "performed in (i) identifying and investigating potential claims in this action, (ii) Class Counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in this action, (iii) Class Counsels' knowledge of the applicable law, and (iv) the resources Class Counsel will commit to representing the Class."

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint Co-Counsel in this matter as interim class counsel.

Dated:  April 7, 2016						Respectfully Submitted,

**BURSOR & FISHER, P.A.**

By:        /s  *Joshua D. Arisohn*
		Joshua D. Arisohn

Scott A. Bursor
Joseph I. Marchese
Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
	jmarchese@bursor.com
	jarisohn@bursor.com

**HUGHES ELLZEY, LLP**
W. Craft Hughes (*Admitted Pro Hac Vice*)
Jarrett L. Ellzey (*Admitted Pro Hac Vice*)
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056

>Phone: (713) 554-2377
>Fax: (888) 995-3335
>E-Mail: craft@hughesellzey.com
>         jarrett@hughesellzey.com
>
>**SIRI & GLIMSTAD LLP**
>Aaron Siri
>136 Madison Avenue
>5th Floor
>New York, NY 10016
>Phone: (212) 532-1091
>Fax: (646) 417-5967
>E-Mail: aaron@sirillp.com