Jessica R. K. Dorman, Esq. (CA SBN: 279919)
jessica@westcoastlitigation.com
*Pro Hac Pending*
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiffs,*
John Fontes, Damon Byrd, and Gregory Montegna

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONA HUNTER and ANNE MARIE VILLA, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br>and<br><br>JOHN FONTES, DAMON BYRD, and GREGORY MONTEGNA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>TIME WARNER CABLE, INC.<br><br>        Defendant. | **CASE NO: 1:15-CV-06445-JPO**<br><br>**Points & Authorities in Support of Plaintiffs-Intervenors John Fontes, Damon Byrd, And Gregory Montegna's Petition To Intervene And Stay Action**<br><br><br>**Judge: Hon. Judge J. Paul Oetken** |

# Table Of Contents

I.    Introduction ...................................................................................2

II.   Facts and Procedural History .....................................................2

III.  Argument .....................................................................................3

    A.  This Action Should Be Stayed While Plaintiffs-Intervenors Fontes, Byrd, and Montegna's Action is Pending as it Was The First Filed ........................3

       1.  The First Filed Rule, Provides That *Fontes* is the Leading Case and takes Precedent Over *Mejia* ...............................................................3

         i.   Fontes' Action was First Filed - More Than a Year Before This Action ...................................................................................4

         ii.  The Parties in *Fontes* and This Case Are Substantially Similar .........4

         iii. The Issues in *Fontes* Are Substantially Similar ...................................7

       2.  There Are No Circumstances That Warrant Departure From the First-Filed Rule ...............................................................................8

    B.  Plaintiffs-Intervenors Fontes, Byrd, and Montegna Should Be Permitted to Intervene to Seek This Stay ...............................................................9

       1.  Plaintiffs-Intervenors Should Be Permitted To Intervene As A Matter of Right ...............................................................................9

         i.   Plaintiffs-Intervenors' Motions is Timely .........................................10

         ii.  Plaintiffs-Intervenors Have a Protectable Interest Arising From the Events at the Heart of This Litigation ...............................................11

         iii. Plaintiffs-Intervenors' Interests, as a Practical Matter, are Impaired by Mejia's Action ...............................................................................13

         iv.  The Parties in the Instant Action Cannot Adequately Represent Plaintiffs-Intervenors' Interests .........................................................14

       2.  In the Alternative, Plaintiffs-Intervenors Should Be Permitted Permissive Intervention ...............................................................................15

C.   Should the Court Choose to Not Allow Fontes, Byrd, and Montegna to Intervene, Fontes, Byrd, and Montegna Object to Mejia's Motion for Interim Lead Counsel .......................................................................17

1.   Mejia's Motion Should be Denied as Premature ....................................17

i.   Has Not Demonstrated the Existence of Cases Likely to be Consolidated With The Instant Action ................................................17

2.   Mejia's Motion Should be Denied For Lack of Proper Notice ...............19

IV.   Conclusion ........................................................................................................19

## Table Of Authorities

## Cases

*Adoma v. Univ. of Phoenix, Inc.*,

    711 F. Supp. 2d 1142 (E.D. Cal. 2010)...........................................................3, 5

*Allan Johnson v. Time Warner Cable, Inc.*,

    15-cv-06518-LLS (S.D.N.Y.) ...............................................................2, 11, 19

*Alltrade, Inc. v. Uniweld Prods., Inc.*,

    946 F .2d 622 (9th Cir. 1991) ...........................................................................4, 7

*Arakaki v. Cayetano*,

    324 F.3d 1078 (9th Cir. 2003)...........................................................................9, 15

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,

    2005 U.S. Dist. LEXIS 5378 (S.D.N.Y. Mar. 30, 2005) ..............................10, 12

*Brennan v. N.Y.C. Bd. of Educ.*,

    260 F.3d 123 (2d Cir. 2001) ................................................................................12

*Buxbaum v. Deutsche Bank AG*,

    216 F.R.D. 72 (S.D.N.Y. 2003) ..........................................................................10

*California ex rel. Lockyer v. United States*,

    450 F.3d 436 (9th Cir. 2006) ...............................................................................14

*Carrier v. Am. Bankers Life Assur. Co.*,

    No. 05-cv-430, 2006 WL 2990465 (D.N.H. Oct. 19, 2006) ...............................17

*Castillo v. Taco Bell of Am., LLC*,

    960 F. Supp. 2d 401 (E.D.N.Y. 2013)...................................................................7

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,

    647 F.3d 893 (9th Cir. 2011) .........................................................................13, 14

*Crosby v. St. Paul Fire & Marine Ins. Co.*,

    138 F.R.D. 570 (W.D. Wash. 1991)...............................................................10, 11

*Crosby v. St. Paul Fire & Marine Ins. Co.*,

    aff'd, 15 F.3d 1084 (9th Cir. 1994)......................................................................10

**Table Of Authorities**

**(continued)**

*Deposit Guaranty Nat'l Bank v. Roper,*

    445 U.S. 326 (1980)................................................................................13

*Donaldson v. Pharmacia Pension Plan,*

    No. CIV. 06-3-GPM, 2006 WL 1308582 (S.D. Ill. May 10, 2006)....................19

*Donnelly v. Glickman,*

    159 F.3d 405 (9th Cir. 1998).............................................................12

*Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.,*

    522 F.3d 271 (2d Cir. 2008)...............................................................8

*Gedalia v. Whole Foods Mkt. Servs., Inc.,*

    No. 4:13-CV-03517, 2014 WL 4851977 (S.D. Tex. Sept. 29, 2014)............18-19

*Greene v. United States,*

    996 F.2d 973 (9th Cir. 1993).............................................................15

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,*

    179 F.R.D. 264 (C.D. Cal. 1998) .....................................................3-4

*Hanlon v. Chrysler Corp.,*

    150 F.3d 1011 (9th Cir. 1998) ..........................................................15

*Hill v. Robert's Am. Gourmet Food, LLC,*

    No. 13-cv-00696, 2014 WL 3476801 (N.D. Cal. July 10, 2013)........................7

*In re Air Cargo Shipping Servs. Antitrust Litig.,*

    240 F.R.D. 56 (E.D.N.Y. 2006)........................................................17

*In re Discovery Zone Securities Litig.,*

    181 F.R.D. 582 (N.D. Ill. 1998) .......................................................12

*In re Penn Cent. Commercial Paper Litigation,*

    62 FRD 341, 18 Fed R Serv 2d (*Callaghan*) 854 (S.D.N.Y. 1974) ....................12

*In re Penn Cent. Commercial Paper Litigation,*

    aff'd, 515 F2d 505 (2d Cir. N.Y. 1975)................................................12

**Table Of Authorities**

**(continued)**

*In Re: Time Warner Cable., Inc. Telephone Consumer Protection Act (TCPA)*
*Litigation,*

  MDL No. 2732 Dkt. 26 ...................................................................18

*In re Transocean Ltd. Sec. Litig. (No. II),*

  753 F. Supp. 2d 1373 (J.P.M.L. 2010) ...............................................18

*John Fontes, Damon Byrd, and Gregory Montegna v. Time Warner Cable, Inc.,*

  14-cv-02060-CAS-CW (C.D. Cal.)...........................................passim

*Jones v. Ford Motor Credit Co.,*

  358 F3d 205, 57 Fed R Serv 3d (Callaghan) 883 (2d Cir. N.Y. 2004) .................9

*Koike v. Starbucks Corp,*

  602 F. Supp. 2d 1158 (N.D. Cal. 2009)...............................10, 12, 13

*League of United Latin Am. Citizens v. Wilson,*

  131 F.3d 1297 (9th Cir. 1997) ...................................................10, 14

*Lesnik v. Public Industrials Corp.,*

  144 F2d 968 (2d Cir. N.Y. 1944) .........................................................9

*Levin v. HSBC Bank USA, N.A. (In re HSBC Bank, USA, N.A.),*

  99 F. Supp. 3d 288 (E.D.N.Y. 2015)...................................................3

*Long Island Trucking, Inc. v. Brooks Pharm.,*

  219 F.R.D. 53 (E.D.N.Y. 2003) ...................................................10, 11

*Lyons v. CoxCom, Inc.,*

  2009 WL 6607949 (S.D. Cal. July 6, 2009).......................................18

*Mortg. Lenders Network, Inc. v. Rosenblum,*

  218 FRD 381 (E.D.N.Y. 2003) .........................................................14

*Munoz v. PHH Corp.,*

  No. 08-cv-0759, 2013 WL 3935054 (E.D. Cal. July 29, 2013)...................10, 11

**Table Of Authorities**

**(continued)**

*Nicholas v. Conseco  Life Ins. Co.,*

No. 12-cv-0845, 2012 WL 1831509 (N.D. Ill. May 17, 2012) ..........................13

*Pacesetter Systems, Inc. v. Medtronic, Inc.,*

678 F.2d 93 (9th Cir. 1982) .................................................................................3

*Parrish v. Nat'l Football League Players, Inc.,*

No. 07-00943, 2007 WL 1624601 (N.D. Cal. June 4, 2007)..............................19

*Pippins v. KPMG LLP,*

No. 11 Civ. 0377(CM), 2011 U.S. Dist. LEXIS 30678, 2011 WL 1143010

(S.D.N.Y. Mar. 21, 2011).....................................................................................8

*Puri Hearthside Food Solns. LLC,*

No. 11-cv-8675, 2011 WL 6257182 (C.D. Cal. Dec. 13, 2011) ...........................3

*Raquel S. Mejia, Leona Hunter, and Anne Marie Villa v. Time Warner Cable, Inc.,*

15-cv-06445-JPO (S.D.N.Y.) ...................................................................passim

*Ruff v. Del Monte Corp.,*

Nos. 12-cv-05251, 12-cv-05323, 2013 WL 1435230 (N.D. Cal. Apr. 9, 2013)...5

*Sagebrush Rebellion, Inc. v. Watt,*

713 F.2d 525 (9th Cir. 1983)..............................................................................14

*Sana Zara Bukhari v. Deloitte & Touche LLP,*

2012 U.S. Dist. LEXIS 167315 (S.D.N.Y. Nov. 26, 2012) .................................4

*Silver v. Babbitt,*

166 F.R.D. 418 (D. Ariz. 1994) .........................................................................13

*Silver v. Babbitt,*

aff'd, 68 F.3d 481 (9th Cir. 1995)......................................................................13

*Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.,*

12 F. Supp. 3d 320 (E.D.N.Y. 2014)....................................................................4

**Table Of Authorities**

**(continued)**

*Smith v. Pangilinan,*

   651 F.2d 1320 (9th Cir. 1981) ...........................................................16

*Spangler v. Pasadena Bd. of Educ.,*

   552 F.2d 1326 (9th Cir. 1997) ...........................................................16

*Staton v. Boeing Co.,*

   327 F.3d 938 (9th Cir. 2003) .............................................................15

*Sullivan v. Barclays PLC,*

   No. 13 CIV. 2811, 2013 WL 2933480 (S.D.N.Y. June 11, 2013)........................17

*Sw. Ctr. For Biological Diversity v. Berg,*

   268 F.3d 810 (9th Cir. 2001) .............................................................14

*Tate-Small v. Saks Inc.,*

   No. 12 CV 1008 (HB), 2012 U.S. Dist. LEXIS 76081 (S.D.N.Y. May 31, 2012)

   ...............................................................................5, 8

*Trbovich v. United Mine Workers,*

   404 U.S. 528, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972) ..................................14, 15

*United States v. Ballantyne,*

   No. 13-cv-53, 2013 WL 4716234 (S.D. Cal. Sept. 3, 2013) ............................16

*United States v. Int'l Bhd. of Teamsters,*

   708 F. Supp. 1388 (S.D.N.Y. 1989) .....................................................3

*United States v. Yonkers Bd. of Educ.,*

   801 F.2d 593 (2d Cir. 1986) .............................................................11

*Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,*

   922 F.2d 92 (2d Cir. 1990) ..............................................................12

*Western States Mach. Co. v S.S. Hepworth Co.,*

   2 FRD 14 (DC NY 1941) ..................................................................16

## Table Of Authorities

### (continued)

*White v. TransUnion, LLC,*

    239 F.R.D. 681 (C.D. Cal. 2006) ....................................................................18

*Widjaja v. YUMA Brands, Inc.,*

    No. 09-cv-1074, 2009 WL 3462040 (E.D. Cal. Oct. 22, 2009) .............10, 12, 14

*Wilderness Soc. v. United States Forest Serv.,*

    630 F .3d 1173 (9th Cir. 2011) ......................................................................12

*Wyndham Assocs. v. Bintliff,*

    398 F.2d 614 (2d Cir. 1968) .........................................................................3

### Statutes

28 U.S.C. § 1404(a) .....................................................................................8

28 U.S.C. § 1332 ........................................................................................16

47 U.S.C. § 227 *et seq.* ...............................................................................2

### Rules

Fed. R. Civ. P. 23(a) .................................................................................. 7

Fed. R. Civ. P. 23(g)(3) ..............................................................................17

Fed. R. Civ. P. 23(g)(2)(A) advisory committee note (2003 amendment) ..............17

Fed. R. Civ. P. 24 .................................................................................9, 15

Fed. R. Civ. P. 23(b) ................................................................................. 7

Fed. R. Civ. P. 24(a) ....................................................................9, 10, 15 , 19

Fed. R. Civ. P. 24(a)(2) ..........................................................................9, 12

Fed. R. Civ. P. 24(b) .........................................................................9, 15, 16, 19

**Table Of Authorities**

**(continued)**

**Other**

Manual For Complex Litigation (Fourth) § 21.11 (2004).........................................18

6A C. Wright, A. Miller & M. Kane,
   *Fed. Proc., L.Ed.* § 12:293..................................................................................17

C. Wright, A Miller & M. Kane,
   *Federal Prac. & Proc. Civil* § 1908.2 (3d ed. 2011)..........................................13

# I. INTRODUCTION

In the last few years, there have been dozens of actions brought against Defendant TWC for various violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). Currently there are three known Class Actions pending against TWC for autodialling consumers without consent, as prohibited by the TCPA; *Fontes*[1], *Johnson*[2], and *Mejia*[3]. Each of these cases have overlapping, if not nearly identical classes, and should be handled and resolved as one action. For some time, counsel in *Fontes* and *Johnson* have worked together towards this end.

Of the actions, *Fontes* is the lead, first-filed, case. As such, Plaintiffs-Intervenors John Fontes, Damon Byrd, and Gregory Montegna ("Fontes Plaintiffs") seek to intervene in this action to seek a stay of this action, or in the alternative be given an opportunity to be heard on the matter of Interim Class Counsel.

# II. FACTS AND PROCEDURAL HISTORY

Each of the Plaintiffs in *Fontes* were contacted by Defendant in an effort to collect on alleged debts owed to some third party, unrelated to Plaintiffs, through the use of an automatic telephone dialing system ("ATDS") and/or pre-recorded without prior express consent, and after specifically being told not to call, in violation of the TCPA.[4]   Nearly identical facts and allegations are raised in the *Mejia* Matter.[5]

---

[1]  *John Fontes, Damon Byrd, and Gregory Montegna v. Time Warner Cable, Inc.*, 14-cv-02060-CAS-CW (C.D. Cal.) (filed on March 18, 2014) **(the "*Fontes* Action").**

[2]  *Allan Johnson v. Time Warner Cable, Inc.*, 15-cv-06518-LLS (S.D.N.Y.) (filed on August 18, 2015) **(the "*Johnson* Action").**

[3]  *Raquel S. Mejia, Leona Hunter, and Anne Marie Villa v. Time Warner Cable, Inc.*, 15-cv-06445-JPO (S.D.N.Y.) (filed on August 14, 2015) **(the "*Mejia* Action").**

[4]  *Fontes* Action; 14-cv-02060-CAS-CW, Dkt. 41

[5]  *Mejia* Action, Dkt. 45

*Fontes* Plaintiffs felt so strongly that these cases were overlapping, that *Fontes* Plaintiffs sought referral to the Multi-District Litigation Panel, however, the motion was recently denied leaving these as separate actions.[6]

## III.    ARGUMENT

### A.    THIS ACTION SHOULD BE STAYED WHILE PLAINTIFFS-INTERVENORS FONTES, BYRD, AND MONTEGNA'S ACTION IS PENDING AS IT WAS THE FIRST FILED

#### 1.    THE FIRST FILED RULE, PROVIDES THAT *FONTES* IS THE LEADING CASE AND TAKES PRECEDENT OVER *MEJIA*

In light of the pendency of the first-filed *Fontes* matter, this Court should decline to exercise jurisdiction over this case and instead, transfer it to the Central District of California under the "first-to-file" rule. The "first-to-file" rule instructs district courts to decline jurisdiction over an action when a similar, earlier-filed lawsuit has been pending in a different district court. When two such actions involving the same parties and subject matter are filed in two different district courts, the first suit filed has priority. *United States v. Int'l Bhd. of Teamsters*, 708 F. Supp. 1388, 1403 (S.D.N.Y. 1989); *See also Puri Hearthside Food Solns. LLC*, No. 11-cv-8675, 2011 WL 6257182, at *1 (C.D. Cal. Dec. 13, 2011); *Pacesetter Systems, Inc.*, 678 F.2d at 94-95. In class actions, where the putative classes overlap, the first-to-file rule requires the first initiated action to take precedent over subsequently filed actions. *Levin v. HSBC Bank USA, N.A. (In re HSBC Bank, USA, N.A.)*, 99 F. Supp. 3d 288, 308-09 (E.D.N.Y. 2015). This rule preserves judicial resources and reduces the possibility of inconsistent determinations in parallel proceedings. *See Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968). Courts have "an ample degree of discretion" to dismiss, transfer, or stay the latter-filed case under this rule in order to promote efficiency in the court system, *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010) (citations omitted), and avoid conflicting judgments. *See Guthy-Renker Fitness, L.L.C. v. Icon*

---

[6]  MDL No. 2732

*Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998). In applying the first-to-file rule, courts analyze three factors: (1) the chronology of the actions, (2) the similarity of the parties, and (3) the similarity of the issues. *Id.* (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F .2d 622, 625-26 (9th Cir. 1991)); *see Sana Zara Bukhari v. Deloitte & Touche LLP*, 2012 U.S. Dist. LEXIS 167315, at *9 (S.D.N.Y. Nov. 26, 2012); *see also Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 326 (E.D.N.Y. 2014). If each of these factors is satisfied, the court should stay, dismiss or transfer the action. *Id.* Ultimately, "unless compelling circumstances justify departure from this rule, the first-filing party should be permitted to proceed without concern about a: conflicting order being issued in the later-filed action." *Guthy-Renker Fitness*, 179 F.R.D. at 269.   Each of the three factors are satisfied here and taken in turn below.

### i.  FONTES' ACTION WAS FIRST FILED - MORE THAN A YEAR BEFORE THIS ACTION

The first factor is easily satisfied. That is, Fontes' case was undoubtedly the first case filed (and still pending) related to TWC's alleged violations of the TCPA. It was filed on March 18, 2014. Then, on August 14, 2015, seventeen (17) months after Fontes was initiated and proceeding, Plaintiff Mejia filed her complaint in this Court asserting claims against TWC for slightly different TCPA violations, having to do with Solicitation calls, not collection calls. Only recently, on March 28, 2016, a full two years after Fontes initially filed his Complaint, was the Complaint in this case amended to describe automated collection calls directed at persons who had not given prior express consent in violation of the TCPA as alleged in the *Fontes* case.

Accordingly, the first factor of the analysis is satisfied.

### ii.  THE PARTIES IN *FONTES* AND THIS CASE ARE SUBSTANTIALLY SIMILAR

Next, the Court should consider whether the parties in the actions are similar. *Alltrade, Inc.*, 946 F.2d at 625-26. This "rule does not require strict identity of the

parties, but rather substantial similarity." *Adorna*, 711 F. Supp. 2d 1142 at 1147. In class actions in particular, the focus is on the similarity of the putative classes rather than the similarity of the named plaintiffs. *See*, e.g. *Ruff v. Del Monte Corp.*, Nos. 12-cv-05251, 12-cv-05323, 2013 WL 1435230, at *3 (N.D. Cal. Apr. 9, 2013) ("all three plaintiffs bring their claims on behalf of nationwide classes that are substantially similar in scope. Thus, the parties are substantially similar.") (citing *Adoma*, 711 F. Supp. 2d at 1148); *Tate-Small v. Saks Inc.,* No. 12 CV 1008 (HB), 2012 U.S. Dist. LEXIS 76081, at *11 (S.D.N.Y. May 31, 2012). This factor is easily satisfied as well.

First, all of the cases are brought against the same named-defendant, TWC. Further, there is substantial overlap between the members of the putative classes and, thus, the actions will actions affect the rights of the same groups of consumers. In particular, Mejia seeks to represent four (4) different subclasses which significantly overlap:

> **Autodialer Class**: All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular telephone through the use of an automatic telephone dialing system or any other device having the capacity to dial numbers without human intervention, from October 16, 2013 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to make such call.

> **Artificial & Prerecorded Voice Class**: All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular or residential telephone through the use of an artificial or pre-recorded voice, from October 16, 2013 to the date that class notice is  disseminated,

where Defendant's records fail to indicate prior express written
consent from the recipient to make such call.

**IDNC Class**: All persons within the United States who, 30 days
or more after requesting Defendant cease all calls, received any
calls from Defendant, from October 16, 2013 to the date that
class notice is disseminated.

**Wrong Number Class**: All persons in the United States whose
(1) cellular telephone number has been called by Defendant; (2)
more than once; (3) with an artificial or prerecorded voice and/
or an automatic telephone dialing system; and (4) such calls
were "wrong numbers" where the person subscribing to the
number called was not the same person Defendant's records
show it intended to call, (5) from October 16, 2013 to the date
that class notice is disseminated.

(*Mejia* FAC, Dkt. 45, ¶ 62).

The putative class in *Fontes* is functionally the same:
> All persons within the United States who received any
> telephone call/s from Defendant or its agent/s and/or employee/
> s to said person's cellular telephone made through the use of
> any automatic telephone dialing system within the four years
> prior to the filling of the Complaint.

(*Fontes* FAC, Dkt. 41, ¶50). The *Fontes* class includes all individuals who received

a debt collection call from TWC on their cellular phones without consent.  This

definition will cover the same class members as in *Mejia* whose claims emanate

from the same course of conduct: calls to consumers cellular telephones by TWC

without prior express consent in violation of the TCPA.

Thus, because *Mejia's* proposed classes are subsumed within the class

definition in Fontes, the rights and of the same class members will be affected by

*Fontes* and the later filed *Mejia* action.  "There is no doubt that interests of comity

require dismissal of this action in favor of the previously filed…". *Castillo v. Taco Bell of Am.*, *LLC*, 960 F. Supp. 2d 401, 405 (E.D.N.Y. 2013).

### iii.   THE ISSUES IN *FONTES* ARE SUBSTANTIALLY SIMILAR

Finally, courts consider whether the cases involve similar issues. *Alltrade, Inc.*, 946 F.2d at 625-26. As with the parties, the issues need not be identical, but rather, substantially similar. *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-cv-00696, 2014 WL 3476801, at *4 (N.D. Cal. July 10, 2013).

This factor also weighs in favor of stay. *Mejia*, like the *Fontes* action, asserts claims based upon TWC's allegedly unauthorized telephone debt collection activities in violation of the TCPA. By way of example, both actions contend Defendant placed calls for collection purposes. (*See Fontes* FAC, Dkt. 41, ¶ 21-48; *Mejia* FAC ¶ 22-61). In addition, they both allege that TWC used an automatic dialing system and/or prerecorded  messages to place these calls. *Id.* Further, all actions contend that Defendant made these calls to the individuals' cellular telephones, without the individuals having given prior express consent. *Id.* These common questions of fact give rise to common questions of law, such as (1) whether Defendant's dialing systems constitute an automatic telephone dialing system under the TCPA, (2) the practices and procedures Defendant had in place (or did not have in place) to track prior express consent and do not call directives, and (3) whether Defendant's calling practices violated the TCPA such that class members are entitled to trebled damages. (*See Fontes* FAC, Dkt. 41, ¶ 55; *Mejia* FAC ¶ 70).

In addition to the common questions of fact and law,  the respective plaintiffs seek to certify the same class of individuals (as described above, those who were called by TWC on their cellular phones without providing consent).  Whether or not the overlapping classes can meet the requirements of Fed. R. Civ. P. 23(a) & (b) (numerosity, commonality, typicality, adequacy, predominance and superiority or unified conduct) are common legal determinations that, were the later filed actions to proceed, would impact the first-filed *Fontes* action through inconsistent rulings on the certification prerequisites. As the first-filed jurisdiction, the Court in the

Central District of California must be given precedence in reaching determinations of this issues.   Accordingly, the issues are sufficiently similar for purposes of the first-to-file rule.

### 2.   THERE ARE NO CIRCUMSTANCES THAT WARRANT DEPARTURE FROM THE FIRST-FILED RULE

The Second Circuit recognizes two circumstances that warrant departure from the first-filed rule: (1) where there are 'special circumstances,' and; (2) where the 'balance of convenience' tilt in favor of the second forum." *Tate-Small v. Saks Inc.*, No. 12 CV 1008 (HB), 2012 U.S. Dist. LEXIS 76081, at *4 (S.D.N.Y. May 31, 2012); *Pippins v. KPMG LLP*, No. 11 Civ. 0377(CM), 2011 U.S. Dist. LEXIS 30678, 2011 WL 1143010, at *2 (S.D.N.Y. Mar. 21, 2011); citing *Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.,* 522 F.3d 271, 274 (2d Cir.2008)). "Special circumstances" include "manipulative or deceptive behavior" (such as where the first lawsuit is an improper anticipatory declaratory judgment action) or where "forum shopping *alone* motivated the choice of the situs for the first suit." *Tate-Small v. Saks Inc.*, No. 12 CV 1008 (HB), 2012 U.S. Dist. LEXIS 76081, at *4 (S.D.N.Y. May 31, 2012); (citing *Emp'rs Ins.of Wausau,* 522 F.3d at 275–76) (internal quotation marks omitted). The "balance of convenience" factors are "essentially the same as those considered in connection with motions for transfer of venue pursuant to 28 U.S.C. § 1404(a)." *Id.* (internal quotation marks omitted).

There are no special circumstances here. There was no manipulative or deceptive behavior on the part of Fontes, or his Counsel in prosecuting the *Fontes* Action. Fontes, Montegna, and Byrd are each residents of California and with Fontes and Byrd residing in the judicial district of the Central District of California[7], as such there was no improper forum shopping and Fontes was brought in the proper court. Further, *Fontes* was not brought as an anticipatory declaratory judgment action.

---

[7]   *Fontes* FAC, Dkt. No 41 ¶9-11.

In reviewing a "balance of convenience," there is no tilt in direct of New York. Fontes action is being brought by three Plaintiffs, John Fontes, Greg Montegna, and Damon Byrd.  In the *Mejia* Action, there are three listed Plaintiffs, but the parties and court have already determined that Mejia is not a proper class representative for this class action and she has stepped aside, leaving only two class representatives in this New York action.

Thus, all three considerations weigh in favor of invoking the first-to-file rule, and there are no circumstances to warrant departure from this first-filed rule, therefore the Court should stay this action.

### B. PLAINTIFFS-INTERVENORS FONTES, BYRD, AND MONTEGNA SHOULD BE PERMITTED TO INTERVENE TO SEEK THIS STAY

The Federal Rules of Civil Procedure allow two avenues for a party to intervene in an action: intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24(a-b). *Fontes* easily satisfies the requirements for both.

#### 1. PLAINTIFFS-INTERVENORS SHOULD BE PERMITTED TO INTERVENE AS A MATTER OF RIGHT

A party may intervene in an action as of right where he or she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Guided by practical and equitable considerations, courts traditionally construe Rule 24 liberally and in favor of applicants for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) ("Rule 24 traditionally receives liberal construction in favor of applicants for intervention."); *Lesnik v. Public Industrials Corp*. (2d Cir. N.Y. 1944), 144 F2d 968, superseded by statute as stated in *Jones v. Ford Motor Credit Co*. (2d Cir. N.Y. 2004), 358 F3d 205, 57 Fed R Serv 3d (Callaghan) 883.

Intervention by right must be allowed where: (1) the application is timely; (2) the applicant has a "significantly protectable" interest relating to the transaction that

is the subject of the litigation; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is inadequately represented by the parties before the court. *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 2005 U.S. Dist. LEXIS 5378, *6 (S.D.N.Y. Mar. 30, 2005); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In determining whether these requirements are satisfied, the court is to "accept as true the non-conclusory allegations made in support of[the] intervention motion." *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1160 (N.D. Cal. 2009). Further, a motion to intervene as of right should not be refused "unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Crosby v. St. Paul Fire & Marine Ins. Co.*, 138 F.R.D. 570, 572 (W.D. Wash. 1991) aff'd, 15 F.3d 1084 (9th Cir. 1994) (citation omitted). In this case, each element of Rule 24(a) is satisfied.

### i.   PLAINTIFFS-INTERVENORS' MOTION IS TIMELY

Among the factors to be taken into account to determine whether a motion to [**6] intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness. *Long Island Trucking, Inc. v. Brooks Pharm.*, 219 F.R.D. 53, 55 (E.D.N.Y. 2003) citing, *Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 76 (S.D.N.Y. 2003). The crucial date in determining timeliness "is when the proposed intervenor should have been aware that its interests would not be adequately protected by the existing parties." *Munoz v. PHH Corp.*, No. 08-cv-0759, 2013 WL 3935054, at *10 (E.D. Cal. July 29, 2013) (quoting *Widjaja v. YUMA Brands, Inc.*, No. 09-cv-1074, 2009 WL 3462040, at *4 (E.D. Cal. Oct. 22, 2009)); . Further, "to be timely, an applicant need not seek to intervene immediately." *Munoz*, 2013 WL 3935054, at *7. "The effect that the length of time the litigation or proceeding has been pending is to

be determined on a case by case basis." *Long Island Trucking, Inc. v. Brooks Pharm.*, 219 F.R.D. 53, 55 (E.D.N.Y. 2003) citing *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 595 (2d Cir. 1986).

*Fontes'* motion to intervene is undoubtedly timely. *Fontes* sought to consolidate the actions in one forum through a petition before the Multi-District Litigation Panel. However, that petition was denied. Thus, the only way for *Fontes* to protect its first-filed interest is to intervene and stay the actions in the Southern District of New York pending resolution of *Fontes,* or, alternatively, to transfer those actions to California for consolidated proceedings. Furthermore, discovery has been stayed in the *Fontes*, *Meija*, and *Johnson* actions pending resolution of the ACA appeal in the DC Circuit. Fontes' intervention to stay the later filed action is therefore timely because it comes before certification discovery commences in any action. Most importantly, this intervention is before the rights of class members will be affected by potentially conflicting class merits or class discovery rulings.

With very little litigation having taken place, the parties to *Meija* can hardly argue that they would be prejudiced by intervention now. *See Munoz*, 2013 WL 3935054, at *7 (finding that circumstances weighed in favor of intervention when little has yet to be litigated, even though the case had been pending for five years); *Crosby*, 148 F.R.D. at 572 (finding intervention timely and non-prejudicial when intervenor filed motion shortly after the commencement of the action and before any significant decisions on the merits). By contrast, if Fontes is not permitted to intervene here, his rights and those of the class he represents will be severely affected (and already have been) as the Mejia parties proceed.

Accordingly, there should be no question that the instant motion is timely.

> ii. **PLAINTIFFS-INTERVENORS HAVE A PROTECTABLE INTEREST ARISING FROM THE EVENTS AT THE HEART OF THIS LITIGATION**

"In order to demonstrate a sufficient interest in the action, the Bondholders must show that their interests are "direct, substantial, and legally protectable."

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 2005 U.S. Dist. LEXIS 5378, at *8 (S.D.N.Y. Mar. 30, 2005) citing *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001). To satisfy this second element for intervention as of right, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc. v. United States Forest Serv.*, 630 F .3d 1173, 1179 (9th Cir. 2011). Interest to satisfy requirements of Rule 24(a)(2), must be significant, must be direct rather than contingent, and must be based on right which belongs to proposed intervenor rather than to an existing party to suit. *In re Penn Cent. Commercial Paper Litigation* (S.D.N.Y. 1974), 62 FRD 341, 18 Fed R Serv 2d (*Callaghan*) 854, aff'd, (2d Cir. N.Y. 1975), 515 F2d 505. Courts find such a relationship "if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 409-10 (9th Cir. 1998). Additionally, "an absent class member would have little difficulty showing an interest in the action." *In re Discovery Zone Securities Litig.*, 181 F.R.D. 582, 589 (N.D. Ill. 1998). Further, courts find a protectable interest in a party's ability to pursue claims through the class action mechanism. See *Koike*, 602 F. Supp. 2d at 1161.

There is no question that Fontes has a protectable interest in the instant litigation. First, Fontes' interest is protectable under the TCPA, which provides redress for individuals from the exact conduct at issue in this case. Second, Fontes' interest satisfies the relationship requirement because any resolution and release of his and the class's claims under any *Mejia* judgment will obviously have a direct effect on him. *See Widjaja*, 2009 WL 3462040, at *6 ("An applicant generally satisfies the relationship requirement only if the resolution of the plaintiffs claims actually will affect the applicant.") (citation and internal quotations omitted).

Further, Fontes is a member of Plaintiff *Mejia's* proposed class and, therefore, he has a protectable here. *See Widjaja*, 2009 WL 3462040, at *6-7 (finding

intervenors had a protectable interest when their action asserted the same claims and sought the same relief); *Nicholas v. Conseco Life Ins. Co.*, No. 12-cv-0845, 2012 WL 1831509, at *2 (N.D. Ill. May 17, 2012) ("[Plaintiff] obviously has an interest in the action ... She is a putative class member and named plaintiff in a virtually identical action that was already pending when the instant action was filed."). If that were not enough, Fontes also has a protectable interest in pursuing his claim on behalf of a class. A plaintiff may prefer class litigation over an individual action because "[a] significant benefit to claimants who choose to litigate their individual claims in a class-action context is the prospect of reducing their costs of litigation ... by allocating such costs among all members of the class who benefit from any recovery." *See Koike*, 602 F. Supp. 2d at 1161 (quoting *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 339 n.9 (1980)). Thus, Fontes has a protectable interest in both his individual claims and in the benefit of the class action litigation he has initiated and pursued for nearly two years.

### iii. PLAINTIFFS-INTERVENORS' INTERESTS, AS A PRACTICAL MATTER, ARE IMPAIRED BY MEJIA'S ACTION

The third element for intervention as of right requires that the disposition of the instant action would "impair or impede [the] [a]pplicants' ability to protect their interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). Rather than require that the applicant's interest will be impaired, however, the standard focuses on whether that interest will be impeded or impaired as a practical matter. *Silver v. Babbitt*, 166 F.R.D. 418,429 (D. Ariz. 1994), aff'd, 68 F.3d 481 (9th Cir. 1995) ("A judicial decision which as a practical matter would foreclose the would-be intervenor's interest is sufficient impairment."); *see also Wright Miller*, 7C FED. PRAC. & PROC. CIV. § 1908.2 (3d ed. 2011) ("[i]t generally is agreed that in determining whether disposition of the action will impede or impair the movant's ability to protect its interest the question must be put in practical terms rather than in legal terms."). Courts recognize that when intervenors "have a significant protectable interest [it has] little difficulty concluding that the

disposition of th[e] case may, as a practical matter, affect it." *Citizens for Balanced Use*, 64 7 F .3d at 898 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006)). No matter how the Court examines it, denying Fontes' leave to intervene would impair his interests and the interests of the proposed class. For example, continuation of both actions would impede Fontes' interest, because the separate courts could render inconsistent judgments. *See Widjaja*, 2009 WL 3462040, at *7  ("because of the possibility of inconsistent rulings, disposition of this action without intervention may impair or impede Intervenor-Plaintiffs' ability to protect that  interest."); *Mortg. Lenders Network, Inc. v. Rosenblum,* 218 FRD 381 (E.D.N.Y. 2003) ("insurer's ability to protect its interests would have been impeded if it were denied intervention as client had minimal, if any, interest in pursuing recovery of claims for which insurer had reimbursed client; further, there would have been risk of inconsistent rulings on same issues absent intervention.").

As such, Fontes' interests will be impaired or impeded if the Court denies his motion to intervene.

### iv.   THE PARTIES IN THE INSTANT ACTION CANNOT ADEQUATELY REPRESENT PLAINTIFFS-INTERVENORS' INTERESTS

Finally, the Court must determine whether the existing parties in the case will adequately represent the intervenor's interests. *League of United Latin Am.*, 131 F.3d at 1302.  In making this determination, courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810,822 (9th Cir. 2001) (citations omitted). While the intervenor bears the burden of establishing inadequacy, the burden is minimal. *Id* at 822-23 (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983); *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972)). In fact, this element is satisfied if the proposed intervenor can

demonstrate that representation of his or her interests "may be" inadequate. *Arakaki*, 324 F.3d at 1086 (citing *Trbovich*, 404 U.S. at 538 n.10).

Of course, "a class member should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court." *See* Fed. R. Civ. P. 24 advisory committee's note. To be adequate, class counsel must act in accordance with their fiduciary responsibility to the class, *see Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003), and both the named plaintiff and his counsel must vigorously prosecute the action. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

This final consideration is straightforward. Fontes brought his action over a year prior to Mejia, and when Fontes learned of other similar actions, worked to bring those other Plaintiffs into the fold.  It is certainly not expected that the parties in *Mejia* will argue in Fontes' interests and that the *Fontes* action is first-filed and must take precedence over the later filed actions.  Further, to the merits of the class-actions themselves, while Fontes has worked to align other plaintiffs with himself, Mejia has added additional Plaintiffs to 1) replace Mejia, who was not an adequate fit as a class representative, and 2) to broaden the class into four different classes, each with rather different issues, more of a shotgun approach than a targeted action.

For these reasons, Fontes may intervene in this matter as of right under Rule 24(a) and the instant motion should be granted in its entirety.

## 2.    IN THE ALTERNATIVE, PLAINTIFFS-INTERVENORS SHOULD BE PERMITTED PERMISSIVE INTERVENTION

Federal Rule of Civil Procedure 24 also grants a court authority to "permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In particular, a court may grant permissive intervention where: (1) the movant shows an independent ground for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b); *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993). Courts may also consider

other factors, such as "whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *United States v. Ballantyne*, No. 13-cv-53, 2013 WL 4716234, at *5 (S.D. Cal. Sept. 3, 2013) (quoting *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1997)). Finally, a district court possesses broad discretion to grant or deny permissive intervention. *Smith v. Pangilinan*, 651 F.2d 1320, 1325 (9th Cir. 1981). Rule 24(b) should be construed with great liberality. *Western States Mach. Co. v S.S. Hepworth Co.* 2 FRD 14 (DC NY 1941).

As discussed above, Fontes' motion is timely. In addition, he has independent federal jurisdiction to bring his claim because the TCPA is a federal statute and alternatively, because his claim and those of the putative class he seeks to represent satisfy the requirements of the Class Action Fairness Act, 28 U.S.C. § 1332.

Further, Mejia and Fontes share multiple common questions of fact and law, including whether TWC placed calls using an automatic dialing system, whether TWC's calls violated the TCPA, whether the individuals who received those calls are entitled to statutory damages, and whether TWC's conduct was willful, thus necessitating the trebling of damages Fontes' case is particularly suited for permissive  intervention because he has extensive knowledge of the TCPA claims against TWC here and the defenses TWC asserts, and he understands more fully than Mejia the extent of TWC's conduct and its ultimate liability, which is why Fontes sought to bring the action before the Multi-District Litigation Panel. With this knowledge comes greater bargaining power, as Fontes will, without a doubt, significantly contribute to the equitable adjudication of the claims at issue while simultaneously preserving judicial resources and best serving the interests of the class members. Because Fontes easily satisfies the requirements for permissive intervention and will greatly advance the litigation with his insight into the claims at issue, the Court may alternatively grant him permission to intervene in this action under Rule 24(b).

eg

C.   **SHOULD THE COURT CHOOSE TO NOT ALLOW FONTES, BYRD, AND MONTEGNA TO INTERVENE, FONTES, BYRD, AND MONTEGNA OBJECT TO MEJIA'S MOTION FOR INTERIM LEAD COUNSEL**

1.   **MEJIA'S MOTION SHOULD BE DENIED AS PREMATURE**

Federal Rule of Civil Procedure 23(g)(3) provides that a court, in its discretion, "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(3); WRIGHT & MILLER, 6A Fed. Proc., L.Ed. § 12:293. The rule applies where it is "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23(g)(2)(A) advisory committee note (2003 amendment). The movant bears the burden of showing the necessity of appointing interim counsel. *See*, e.g., *Sullivan v. Barclays PLC*, No. 13 CIV. 2811, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) ("The movants have not come forward with any showing as to why their appointment as interim class counsel would be beneficial or necessary."); *Carrier v. Am. Bankers Life Assur. Co.*, No. 05-cv-430, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006) (denying motion for appointment of interim class counsel where movant failed to provide "any concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class").

Here, *Mejia* Plaintiffs have failed to provide any reason as to why appointment of their counsel is necessary at this time to protect the interests of their own putative class, let alone the interests of named plaintiffs in the two other cases who have retained their own counsel or the interests of the putative classes in those cases.

i.   **HAS NOT DEMONSTRATED THE EXISTENCE OF CASES LIKELY TO BE CONSOLIDATED WITH THE INSTANT ACTION.**

Designation of interim class counsel can be appropriate in cases "where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (emphasis added). The "cases in

which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006). In such circumstances, appointment of interim counsel "clarifies responsibility for protecting the interests of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Lyons v. CoxCom, Inc.*, 2009 WL 6607949, *1 (S.D. Cal. July 6, 2009), quoting Manual For Complex Litigation (Fourth) § 21.11 (2004).

This is not such a situation. The cases at issue are related and involve similar claims, but the Multi-District Litigation Panel already determined that these case are not in need of such consolidation and appointment of singular counsel.

> [W]e conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. See In re Transocean Ltd. Sec. Litig. (No. II), 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiffs have not met that burden here. There are relatively few actions at issue in this litigation, pending in only two districts, and the factual issues presented are neither particularly complex nor numerous.

*In Re: Time Warner Cable., Inc. Telephone Consumer Protection Act (TCPA) Litigation*, MDL No. 2732 Dkt. 26.

Finally, the cases are not consolidated. For this reason, appointment of interim co-lead counsel is therefore unnecessary. *See*, e.g., *Gedalia v. Whole Foods Mkt. Servs., Inc.*, No. 4:13-CV-03517, 2014 WL 4851977, at *3 (S.D. Tex. Sept. 29,

2014) (denying motion for appointment of interim class counsel where no motion for consolidation of cases was pending, further noting that "premature granting of interim counsel designation may prejudice the class"); *Parrish v. Nat'l Football League Players, Inc.*, No. 07-00943, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (denying motion for appointment of interim class counsel where "[n]o consolidation with other actions is on the horizon"); *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) ("[T]he kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court.").

## 2.   MEJIA'S MOTION SHOULD BE DENIED FOR LACK OF PROPER NOTICE

As Mejia's counsel brought this motion, it stands to reason that they envision the granting of such motion to have an effect on other similar cases such as *Fontes* and *Johnson*, giving them some sort of overarching lead in all of the cases. While no counsel or party in *Johnson* or *Mejia* has sought to compete for class counsel as of yet, and such a motion seems premature as addressed above, if this motion did act as Mejia's counsel intends for it to, *Mejia's* Motion to appoint interim lead counsel significantly impacts Fontes' ability to represent the class with the class counsel that he has selected.

This motion was brought before this court, without any notice to the counsel in *Fontes*; Plaintiffs in the *Fontes* action have the right to be properly noticed and have an opportunity to be heard if this motion to appoint interim counsel plays a role in how Fontes can proceed with his action against TWC.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs-Intervenors John Fontes, Damon Byrd, and Gregory Montegna, on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order granting his Motion to Intervene, permitting them to intervene in this action pursuant to Rules 24(a) and/or 24(b) of

the Federal Rules of Civil Procedure, and stay thus action pending the outcome of Fontes' first-filed action.

In the alternative, Plaintiffs-Intervenors request that this court provide Plaintiffs-Intervenors's with an opportunity to provide briefing and be heard by the court as to the appointment of interim class counsel in this action.


Date:  October 7, 2016                     **HYDE & SWIGART**


                                    By:  s/Jessica R. K. Dorman
                                         Jessica R. K. Dorman
                                         Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

     **THIS IS TO CERTIFY** that on October 7, 2016, the foregoing was filed with the clerk of the Court via the ECF system which sent notice of such filing to the following:

Jarrett Lee Ellzey
Hughes Ellzey, LLP
2700 Post Oak Blvd., Ste. 1120
Houston, TX 77056

Joshua David Arisohn
Bursor & Fisher P.A.
888 Seventh Avenue
New York, NY 10019

Aaron Siri
Siri & Glimstad LLP
120 East 31st Street
New York, NY 10016
*Counsel for Defendant*

                        /s/ Stephen Taylor
                        Stephen Taylor