UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONA HUNTER and ANNE MARIE VILLA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>TIME WARNER CABLE INC.,<br><br>Defendant. | Case No. 1:15-cv-06445 (JPO) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON ATDS ELEMENT OF TCPA CLAIM**

LEONA HUNTER ("Hunter") and ANNE MARIE VILLA ("Villa"), collectively ("Plaintiffs"), individually and on behalf of all other persons similarly situated, file this motion for partial summary judgment finding that Defendant Time Warner Cable Inc. ("Time Warner"), used an automatic telephone dialing system ("ATDS"), to dial Plaintiffs' cellular phones in the dispute, thus resolving in their favor, and for similarly situated plaintiffs class-wide, a central element in their Telephone Consumer Protection Act ("TCPA") claim.

## I. INTRODUCTION

Undisputed facts in this case show that: 1) Time Warner called Hunter's cellular phone at least 34 times using its Interactive Voice Response calling system ("IVR"),[1] representing about 90% of Time Warner's admitted calls to Hunter;[2] 2) Time Warner called Villa's cellular phone at least 10 times using the same IVR, comprising 100% of Time Warner's admitted calls to her;[3,4] and 3) A Court in the Southern District of New York previously held that Time Warner's IVR

---

[1] Exhibit No. 1, Time Warner's Response to Interrogatories at 6-8.
[2] Hunter alleges at least 47 calls. First Amended Complaint at ¶22.
[3] Villa alleges at least 10 calls. *Id.* at ¶41.
[4] Exhibit No. 1, Time Warner's Response to Interrogatories at 8.

1

system is an auto-dialer, after Time Warner fully litigated the issue. This summary judgment motion ("Motion") requests that the Court apply this holding to the plain facts of this case.

On the stated facts, Time Warner is collaterally estopped from contesting its use of an auto-dialer with respect to Plaintiffs and similarly situated class members called with the IVR. In a related motion, Plaintiffs request that the Court revise its pending stay on class-wide discovery to implement this simplifying holding. Time Warner can generate class-wide data on its IVR use with a single button on a spread sheet – at virtually no cost, and right away – by producing an electronic database of all parties they called with the IVR.

## II.   BACKGROUND

Plaintiffs and the putative class allege that Time Warner made unsolicited calls to their telephones without their consent as part of a wide ranging telemarketing campaign. Relevant to this Motion, they accuse Time Warner of, *inter alia,* violating the TELEPHONE CONSUMER PROTECTION Act, 47 U.S.C. § 227 (the "TCPA") by calling their cellular telephones with an <u>automatic telephone dialing system</u> without their consent.

### A.  THE TCPA AND THE AUTOMATIC TELEPHONE DIALING SYSTEM - ATDS

The TCPA prohibits any person from "mak[ing] any call (other than … with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service . . . " 47 U.S.C. § 227(b)(l)(A). The TCPA defines an ATDS as "equipment which has the capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). It does not define "capacity," but in interpreting § 227(a)(1), the Ninth Circuit held that "a system need not actually store, produce, or call randomly or sequentially generated telephone numbers" to fall within the definition of an

ATDS; rather, "it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir.2009). A number of jurisdictions adopted the *Satterfield* Court's interpretation, and the FCC made it the standard agency definition in a July 10, 2015 Order. In the Order, the FCC stated:

> "[w]e reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. We also reiterate that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialer" for the same reason."

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2015 WL 4387780, at *5–*6 (F.C.C. July 10, 2015).

The TCPA creates a private right of action allowing affected consumers to recover the greater of their actual monetary loss or $500 for each violation. *Id.* § 227(b)(3).

### B. THE ATDS IS A MATERIAL ELEMENT OF THIS ACTION

To prevail on their TCPA claim, Plaintiffs must show that: (1) Time Warner called their cellular phones; (2) using an automated telephone dialing system or pre-recorded voice; and (3) without their consent. *See* 47 U.S.C. § 227(b)(1)(A). The use of an automated telephone dialing system, ATDS (or prerecorded voice) is therefore an element of Plaintiffs' TCPA claim.

### C. TIME WARNER'S INTERACTIVE VOICE RESPONSE SYSTEM HELD TO BE AN ATDS

Time Warner's IVR or Interactive Voice Response was the sole autodialer system at issue in *King v. Time Warner Cable*, 113 F.Supp.3d 718, 722 (S.D.N.Y. 2015). After cross motions for summary judgment by both parties, including by Time Warner, the *King* Court found that the IVR was an ATDS under § 227(a)(1) and entered judgment against Time Warner. *Id.* at 735.

### III.     LAW AND ARGUMENT

#### A. LEGAL STANDARD

A party may seek summary judgment for a "part" of a claim, Fed. R. Civ. P. 56(a), and "enter an order … treating [a material fact not genuinely in dispute] as established in the case," Fed. R. Civ. P. 56(g). Summary Judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 175, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). Standards for both summary judgment and partial summary judgment are the same. *Glob. Crossing Bandwidth, Inc. v. Locus Telecomm., Inc.,* 632 F.Supp.2d 224, 238 (W.D.N.Y. 2009) (*citations omitted*).

A material fact is determined by reference to the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. Material facts are those necessary to the proof or defense of a claim, and are determined by reference to the substantive law." *Id.* at 248.

The moving party bears the burden of demonstrating from "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the movant meets this initial burden, the opposing party who seeks to defeat the motion must establish that a genuine issue as to a material fact actually does exist.

4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *First Nat'l Bank v. Cities Serv. Co*., 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp*., 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson V. Liberty Lobby, Inc*., 477 U.S. 242, 252, 106 S. Ct. 2505 (1986)), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S.* Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

### B. TIME WARNER IS PRECLUDED FROM DISPUTING THAT THE IVR IS AN ATDS

A previous Court in this Circuit held that Time Warner's IVR is an autodialer and Time Warner is collaterally estopped from re-litigating that holding. "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A*., 56 F.3d 359, 368 (2d Cir. 1995). In the Second Circuit, collateral estoppel applies if: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Wyly v. Weiss,* 697 F.3d 131, 141 (2d Cir. 2012) (*quoting Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002)).

Time Warner was the sole defendant in *King v. Time Warner Cable*, 113 F.Supp.3d 718, 722 (S.D.N.Y. 2015), another TCPA case. The *King* Plaintiff accused Time Warner of calling her cellular phone using its Interactive Voice Response (IVR) system. Rejecting Time Warner's arguments to the contrary, the *King* Court ruled that the IVR "was an ATDS under § 227(a)(1),"[5] granting summary judgment in favor of the Plaintiff for Time Warner's TCPA § 227 violation. *Id.*

### C. TIME WARNER ADMITS USING THE IVR IN THIS LAWSUIT

This lawsuit presents an identical issue – use of an ATDS – actually litigated with full and fair opportunity to Time Warner in *King,* and concluded in summary judgment binding on Time Warner. The IVR in *King* ("*King* IVR") is the same as the IVR in this lawsuit. Exhibit No. 1 at 6-8, *see also,* Exhibit No. 2, March 25, 2016 Hearing Transcript at 12:12 - 13:6 ("King IVR system" or "we'll call it Villa King system" used to call Plaintiffs Villa and Hunter). Time Warner is therefore precluded from re-litigating in the present lawsuit, its use of an ATDS or auto-dialer i.e. the "*Villa-King IVR."*

## IV.   CONCLUSION

There is no material factual dispute that Time Warner's *Villa-King IVR* is an autodialer, and Time Warner is precluded from re-litigating this holding. There is no material factual dispute that the *Villa-King IVR* was used in this lawsuit – Time Warner admits it. As a matter of law, Plaintiffs are entitled to summary judgment on the autodialer or ATDS element of their TCPA claim. Accordingly, Plaintiffs respectfully request the Court grant their Motion for Summary Judgment on the ATDS element, and grant Plaintiffs any further relief to which they may be entitled in law or in equity.

---

[5] *King,* 113 F.Supp.3d at 735.

Dated: September 27, 2016                             Respectfully Submitted,


                                                      */s/ Jarrett L. Ellzey*_____
                                                      W. Craft Hughes (*Admitted Pro Hac Vice*)
                                                      Jarrett L. Ellzey (*Admitted Pro Hac Vice*)
                                                      **HUGHES ELLZEY, LLP**
                                                      2700 Post Oak Blvd., Ste. 1120
                                                      Galleria Tower I
                                                      Houston, TX 77056
                                                      Phone: (713) 554-2377
                                                      Fax: (888) 995-3335
                                                      E-Mail: craft@hughesellzey.com
                                                               jarrett@hughesellzey.com

                                                      Aaron Siri
                                                      **SIRI & GLIMSTAD LLP**
                                                      136 Madison Avenue
                                                      5th Floor
                                                      New York, NY 10016
                                                      Phone: (212) 532-1091
                                                      Fax: (646) 417-5967
                                                      E-Mail: aaron@sirillp.com

                                                      Scott A. Bursor
                                                      Joseph I. Marchese
                                                      Joshua D. Arisohn
                                                      **BURSOR & FISHER, P.A.**
                                                      888 Seventh Avenue
                                                      New York, NY 10019
                                                      Tel:  (646) 837-7150
                                                      Fax: (212) 989-9163
                                                      E-Mail: scott@bursor.com
                                                              jmarchese@bursor.com
                                                              jarisohn@bursor.com

                                                      *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I certify a copy of the foregoing document was filed in accordance with the protocols for e-filing in the United States District Court for the Southern District of New York on September 27, 2016, and will be served on all counsel of record who have consented to electronic notification *via* CM/ECF.

                                                  */s/ Jarrett L. Ellzey*
                                              Jarrett L. Ellzey