UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAQUEL S. MEJIA, LEONA HUNTER, and
ANNE MARIE VILLA, on behalf of themselves
and all others similarly situated,

                               Plaintiffs,

                 -v-

TIME WARNER CABLE INC.,

                          Defendant.

15-CV-6445 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

     Raquel Mejia filed the initial complaint in this action alleging a violation of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), against Defendant Time

Warner Cable Inc. ("Time Warner") on August 14, 2015.  (Dkt. No. 1.)  An amended complaint

was filed on March 28, 2016, removing Mejia and adding Plaintiffs Leona Hunter and Anne

Marie Villa.  (Dkt. No. 45 ("Compl.").)

     Currently before the Court are Plaintiffs' motion for the appointment of interim class

counsel (Dkt. No. 47), Plaintiffs' letter motion seeking class-wide discovery (Dkt. No. 59), a

motion to intervene and motion to stay filed by Plaintiffs-Intervenors John Fontes, Daymon

Bryd, and Gregory Montegna (Dkt. No. 63), Plaintiffs' motion for summary judgment (Dkt. No.

75), and Defendant's motion for judgment on the pleadings (Dkt. No. 82).  This Opinion and

Order addresses only the first two of these motions.  For the reasons that follow, Plaintiffs'

motion for the appointment of interim class counsel is granted, and Plaintiff's letter motion

seeking class-wide discovery is denied without prejudice.

## I.  Background

     As this is the Court's first Opinion in this action, some context proves helpful.  Defendant

Time Warner is a national cable network provider.  (Compl. ¶ 1.)  Plaintiffs allege that Time

Warner conducted "wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones without consent" in violation of the TCPA.  (*Id.* ¶ 2.)  In particular, Plaintiffs allege that Time Warner made one or more unauthorized calls to their cell phones using an automatic telephone dialing system ("ATDS").  (*Id.*)  Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and four classes of consumers who received calls from Time Warner.[1]  (*Id.* ¶ 62.)  They seek damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Class.  (*Id.* ¶ 64.)

Raquel Mejia filed the initial complaint in this action (the "*Mejia* action") on August 14, 2015, and filed an amended complaint on March 28, 2016, removing Mejia and adding Plaintiffs Leona Hunter and Anne Marie Villa.  (Dkt. No. 1; Dkt. No. 45.)

The *Mejia* action is not the only relevant TCPA action against Time Warner currently pending.  This Court also has a related case, *Johnson v. Time Warner Cable Inc.*, 15-cv-6518, (the "*Johnson* action"), which is an action brought by Plaintiff Allan Johnson against Time Warner alleging violations of the TCPA, stemming from calls made to Johnson's phone by Time

---

[1]     The four proposed classes are: (1) "Autodialer Class: All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular telephone through the use of an automatic telephone dialing system or any other device having the capacity to dial numbers without human intervention, from October 16, 2013 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to make such call."  (Compl. ¶ 62.) (2) "Artificial & Prerecorded Voice Class: All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular or residential telephone through the use of an artificial or prerecorded voice, from October 16, 2013 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to make such call."  (*Id.*)  (3) "IDNC [Internal Do-Not-Call] Class: All persons within the United States who, 30 days or more after requesting Defendant cease all calls, received any calls from Defendant, from October 16, 2013 to the date that class notice is disseminated."  (*Id.*)  (4) "Wrong Number Class: All persons in the United States whose (1) cellular telephone number has been called by Defendant; (2) more than once; (3) with an artificial or prerecorded voice and/or an automatic telephone dialing system; and (4) such calls were "wrong numbers" where the person subscribing to the number called was not the same person Defendant's records show it intended to call, (5) from October 16, 2013 to the date that class notice is disseminated."  (*Id.*)

Warner using an "interactive voice response" calling system ("IVR"). *Johnson v. Time Warner Cable Inc.*, No. 15 Civ. -6518, Dkt. No. 1 (S.D.N.Y. Aug. 18, 2015).

And there is another TCPA class action pending against Time Warner in the Central District of California, *Fontes v. Time Warner Cable Inc.*, 14-cv-02060 (C.D. Cal. Mar. 18, 2014) (the "*Fontes* action"). The *Fontes* action is currently stayed, and it is the plaintiffs in the *Fontes* action who seek to intervene here and stay the actions currently pending in this Court. (Dkt. No. 63.) The *Fontes* Plaintiffs also attempted to centralize these actions—along with four additional TCPA actions also pending in the Central District of California (Dkt. No. 26 at 3)—under 28 U.S.C. § 1407, but their motion was denied by the United States Panel on Multidistrict Litigation on October 3, 2016. (Dkt. No. 60; Dkt. No. 61.)

Two appellate actions are also relevant to the current case. First, *King v. Time Warner Cable Inc.*, No. 15-2474 (2d Cir.), is currently pending in the Second Circuit, with oral argument scheduled for the week of January 23, 2017. (Dkt. No. 97.) In *King*, Time Warner is challenging a decision of the Southern District of New York finding, *inter alia*, that Time Warner's IVR is an ATDS under the TCPA. *King v. Time Warner Cable*, 113 F. Supp. 3d 718, 725 (S.D.N.Y. 2015). Second, *ACA International v. FCC*, No. 15-1211 (D.C. Cir.), is currently pending in the D.C. Circuit, with oral argument held on October 19, 2016. (Dkt. No. 72 at 11.) In *ACA International*, the court is reviewing a final order of the Federal Communications Commission regarding its interpretation of ATDS under the TCPA. (Dkt. No. 37.) The D.C. Circuit has not published an opinion in *ACA International* as of the date of this Opinion and Order.

II.     **Discussion**

    A.     **Appointment of Interim Class Counsel**

Under Federal Rule of Civil Procedure 23, the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "The designation of interim class counsel is especially encouraged in cases . . . where there are multiple, overlapping class actions that require extensive pretrial coordination." *In re LIBOR–Based Fin. Instruments Antitrust Litig.*, No. 11 Md. 2262, 2011 WL 5980198, at \*2 (S.D.N.Y. Nov. 29, 2011). *See generally* Manual for Complex Litigation (Fourth) § 21.11 (2004).

"Candidates for interim class counsel are evaluated under the same rubric as potential counsel for certified classes." *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012). In selecting counsel for a class, Rule 23 requires a court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class

Fed. R. Civ. P. 23(g)(1)(A). Courts may consider other factors including: "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel, . . . [whether] they will fairly and adequately represent all of the parties on their side, and . . . [whether] their charges will be reasonable." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (Chin, J.) (alterations in original) (internal quotation marks and citations omitted). "If only one applicant seeks appointment as class counsel, a court must determine whether the applicant is 'adequate' under Rule 23(g)(1) and Rule 23(g)(4), which requires that counsel 'fairly and adequately represent the interests of the

class.'" *Anderson v. Fiserv, Inc.*, No. 09 Civ. 5400, 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010).

The Court finds that Plaintiffs' counsel[2] will fairly and adequately represent the interest of the class here.  (Dkt. No. 49.)  Plaintiffs' counsel have engaged in significant work to identify and investigate potential claims: they have interviewed class members, identified numerous complaints from online consumers, and have conducted investigation of the telephone systems at issue here.  (*Id.* at 3.)  Plaintiffs' counsel are familiar with the applicable law and have handled multiple similar complex litigations.  They are involved in "dozens of cases" under the TCPA (*id.* at 8), and have each been involved in prior major consumer class actions, including Bursor & Fisher's appointment as "lead or co-lead class counsel in two of the largest classes ever certified" (*id.* at 5), Hughes Ellzey's successful negotiation of a nationwide $5.2 million TCPA class settlement (*id.*), and Siri & Glimstad partner Aaron Siri's recent ERISA class action which resulted in a $11 million settlement (*id.* at 6).  Finally, Plaintiffs' counsel are committed to deploying their considerable resources to represent the class—as has already become clear through their representation at this early stage of the case.  Moreover, Plaintiffs' counsel's submissions thus far have been of high quality and their advocacy has been vigorous.  This Court is comfortable finding, as other district courts have, that Plaintiffs' counsel will fairly and adequately represent a potential class here.  *See, e.g.*, *Melgar v. Zicam, LLC*, No. 14 Civ. 160, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014) ("Bursor & Fisher is eminently qualified to represent a class in this type of litigation.").

Defendants do not oppose Plaintiffs' request to be appointed as interim class counsel. (Dkt. No. 72 at 8.)  And while the Plaintiff in the *Johnson* action and the Plaintiffs-Intervenors

---

[2]     Plaintiffs are represented by Bursor & Fisher, P.A.; Hughes Ellzey, LLP; and Siri & Glimstad LLP (collectively "Plaintiffs' counsel").  (Dkt. No. 49.)

from the *Fontes* action oppose the request, they do not do so by nominating an alternative interim class counsel for the *Mejia* action.  Rather, the *Johnson* Plaintiff and the *Fontes* Plaintiffs-Intervenors argue that the motion should be denied as premature given the outstanding issues involving the relationship between this action and the *Fontes* action.[3]  (Dkt. No. 64 at 17-19; Dkt. No. 67 at 2-3.)

But contrary to the arguments of the *Johnson* Plaintiff and the *Fontes* Plaintiffs-Intervenors, the Court may appoint interim class counsel at this stage and does not need to decide the *Fontes* Plaintiffs-Intervenors' motion to intervene and stay in order to do so.  A case does not need to reach any particular procedural milestone to justify the appointment of interim class counsel.  *See* Fed. R. Civ. P. 23.  And courts in this district have appointed interim class counsel in cases much less developed than the instant case.  *See, e.g.*, *Anderson*, 2010 WL 571812, at *4 (appointing counsel before the filing of an amended complaint).  The complex procedural posture of the *Mejia* action—with multiple potentially overlapping class actions, germane appellate proceedings, and dispositive motions filed—only underscores the importance of safeguarding the interests of putative class members through the appointment of interim class counsel at this time.  Given that the currently pending dispositive motions might substantially transform this action and impact its potential relationship with the *Fontes* action, declining to appoint interim class counsel due to the mere pendency of the *Fontes* action is unjustified.  As such, the Court appoints Plaintiffs' counsel as interim class counsel in the *Mejia* action, which remains unconsolidated with the *Johnson* action.

---

[3]     The *Mejia* Plaintiffs argue that the Court should disregard the *Johnson* Plaintiff's opposition as untimely, as he was aware of the motion and failed to respond for nearly five months.  (Dkt. No. 74 at 2-3.)  Though it would be within the Court's discretion to do so, it declines to do so given the procedural complexity of this case and the *Johnson* Plaintiff's apparently genuine misunderstanding regarding the scope of the Court's stay of discovery and its effect on the interim class counsel motion.  (Dkt. No. 72 at 19-20.)

### B.      Letter motion for class discovery

On September 27, 2016, Plaintiffs filed a letter motion seeking class-wide discovery regarding the IVR system.  (Dkt. No. 59.)  Time Warner argues that such discovery is premature, given the pendency of *ACA International* at the D.C. Circuit, *King* at the Second Circuit, and the dispositive motions before this Court.  (Dkt. No. 65.)  The parties addressed this motion at a conference before the Court on September 30, 2016.  (Dkt. No. 72.)

The IVR system at issue represents only one of five different calling systems in this case. (*Id.* at 14.)  And, as discussed above, there is a possibility that a part or the whole of this case can be resolved through the pending dispositive motions.  As such, the Court finds that class-wide discovery is at this point premature and that delaying it best serves the interests of judicial economy.  *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("[P]ower to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).  Plaintiffs' letter motion is denied without prejudice to renewal at a later date, when this case has reached a more advanced stage.

### III.    Conclusion

For the foregoing reasons, Plaintiffs' motion for appointment of interim class counsel is

GRANTED and Plaintiffs' letter motion for class-wide discovery is DENIED without prejudice.

The Clerk of Court is directed to close the motions at Docket Number 47 and Docket Number

59.

SO ORDERED.

Dated:  December 15, 2016
        New York, New York

_____
J. PAUL OETKEN
United States District Judge