Andrew D. Prins
Direct Dial: (202) 637-3317
Andrew.Prins@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

October 15, 2018

**VIA ECF**

The Honorable James L. Cott
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: <u>Hunter v. Time Warner Cable Inc.</u>, Case No. 1:15-cv-06445-JPO-JLC

Dear Judge Cott:

We write on behalf of Defendant Time Warner Cable Inc. ("TWC") regarding a discovery dispute on which the parties have reached a resolution, but for which, in an abundance of caution, TWC requests the Court's approval of that resolution to avoid any prospect of waiver of its ability to take necessary discovery in this matter. Specifically, TWC respectfully moves that the Court enter an Order providing that, notwithstanding the existing fact discovery deadline of October 31, 2018 (*see* ECF No. 176), TWC may serve a third-party subpoena on any third party "reverse lookup" database, or similar database provider, upon which Plaintiffs or their experts will rely to establish their class certification methodology or the identity of the class members. TWC has conferred with Plaintiffs on the subject of this motion, and they do not oppose the requested relief.

This case is a putative class action arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Plaintiffs contend that, while placing calls to TWC's customers concerning their outstanding account balances, TWC's Interactive Voice Response ("IVR") platform called Plaintiffs, who had received new, reassigned cell numbers that previously were assigned to TWC's customers. Plaintiffs seek to represent a putative class of "[a]ll individuals … who received a call made by or on behalf of Defendant to the individual's cellular or residential telephone through the use of an artificial or pre-recorded voice, from October 16, 2013 to [present], where such person was not listed in Defendant's records as the intended recipient of the call." ECF No. 178, ¶ 51. On April 30, 2018, Judge Oetken dissolved a stay of this case that was put in place while certain other related litigation was resolved, and ordered that all fact discovery shall be complete by October 31, 2018. *See* ECF No. 176. Judge Oetken has yet, however, to enter a schedule for further proceedings, including specifically class certification briefing and class certification expert disclosures and discovery. Judge Oetken has set a status conference (currently scheduled for November 5, 2018), at which a schedule for such further proceedings will likely be entered.

On September 4, 2018, Plaintiffs filed a letter motion requesting leave to file a motion to compel TWC's production of an unredacted "call log" of outbound calls placed by the IVR

platform.  *See* ECF No. 185.  Plaintiffs stated that their "expert will run the telephone numbers in the call log against a third-party database to identify instances in which the name on TWC's call log does not match the name of the numbers' customary users at the time of each listed call," in order to identify "wrong number" calls placed without "prior express consent" of the "called party."  *Id*.  Following a conference with the Court on September 17, 2018, the Parties reached agreement on a resolution of that discovery dispute.  *See* ECF No. 192.

Based on Plaintiffs' statement on September 4, 2018 that their expert will make use of a third-party database to identify alleged class members, on September 11, 2018, TWC served on Plaintiffs a single Interrogatory, requesting that Plaintiffs "[i]dentify any and all databases, directories, services, or tools upon which You (including any expert retained by You) will rely in order to identify alleged class members (including the subscriber or user of any telephone number called by Time Warner Cable Inc.), including, but not limited to, any 'reverse lookup' databases, directories, services, or tools."  On October 10, 2018, Plaintiffs served a response to the Interrogatory, stating that "Plaintiffs object to this interrogatory in so far as it requests information protected by the attorney-client privilege and the work product doctrine. Plaintiffs also object to this interrogatory as premature on the ground that Plaintiffs have not yet filed a motion for class certification. Plaintiff directs Defendant to their forthcoming motion for class certification and any supporting expert reports."  While TWC does not object to waiting until class certification proceedings to take third-party discovery from any database vendor utilized by Plaintiffs, given the existing fact discovery deadline and that no schedule for further proceedings is yet in place, in an abundance of caution TWC seeks to avoid any prospect of waiver of the right to seek such necessary discovery.  In a conference concerning this discovery dispute, Plaintiffs have stated that they have no objection to TWC seeking, after the close of fact discovery, any necessary third-party discovery of any database vendor utilized by Plaintiffs.

The Parties have conferred on this issue, and have arrived at an agreed solution that should accommodate all of the parties' concerns and avoid the need for motions practice.  TWC respectfully moves that, in resolution of this dispute, the Court enter the attached order providing that upon Plaintiffs' voluntary disclosure to TWC of the identity of any "reverse lookup" database or other database, directory, service, or tool responsive to TWC's Interrogatory (for example, in Plaintiffs' class certification briefing or expert disclosures), TWC would be allowed to serve a third-party subpoena on such database provider prior to filing a brief in opposition to class certification.

Dated: October 15, 2018                   By:  /s  Andrew D. Prins
                                                 Andrew D. Prins

                                          Matthew A. Brill (Admitted *Pro Hac Vice*)
                                          Andrew D. Prins (Admitted *Pro Hac Vice*)
                                          Nicholas L. Schlossman (Admitted *Pro Hac Vice*)
                                          LATHAM & WATKINS LLP
                                          555 Eleventh Street, NW, Suite 1000
                                          Washington, DC 20004
                                          Phone: (202)-637-2200
                                          Fax: (202)-637-2201
                                          matthew.brill@lw.com

**LATHAM&WATKINS**LLP

andrew.prins@lw.com
nicholas.schlossman@lw.com

Michael David Kabat
KABAT CHAPMAN & OZMER LLP
171 17th Street Nw, Suite 1550
Atlanta, GA 30363
Phone:  (404)-400-7300
Fax: (404)-400-7333
mkabat@kcozlaw.com

*Attorneys for Defendant Time Warner Cable Inc.*